UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THEODORE HINTON, JR.,

    Petitioner,

v.                                      Case No:   2:17-cv-229-FtM-38CM

UNITED STATES OF AMERICA,

    Respondent.
_____/

### **OPINION AND ORDER**[1]

This matter comes before the Court on Petitioner Theodore Hinton, Jr.'s Motion under 28 U.S.C. § 2255 (Doc. 1)[2] and memorandum of law (Doc. 11). The United States has filed a response (Doc. 9) and supplemental response (Doc. 14). This matter is thus ripe for review.

Per a plea agreement, Hinton pled guilty to possessing with the intent to distribute cocaine in violation of federal law. (Crim. Doc. 1; Crim. Doc. 56). The Presentence Report ("PSR") determined that Hinton was a career offender under U.S.S.G. § 4B1.1 because he had two prior drug convictions for trafficking cocaine and delivering the same

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] References to filings in this civil case are cited as "Doc. [docket number]."  But references to Hinton's corresponding criminal case are cited as "Crim. Doc. [docket number]."

drug. (Crim. Doc. 75 at ¶ 34). Pertinent here, the PSR lacked facts underlying Hinton's trafficking conviction under Fla. Stat. § 893.135(1)(b). (*Id.* at ¶ 52; Doc. 14-1 at 2, 4). And the Government did not introduce *Shepard* documents at Hinton's sentencing hearing because he did not object to the trafficking conviction serving as a predicate offense for the career offender enhancement. (Crim. Doc. 75 at 23; Doc. 9 at 3, 15). The Court thus sentenced Hinton to 151 months' imprisonment. (Crim. Doc. 80). And Hinton did not appeal.

But Hinton now collaterally attacks his sentence on grounds of ineffective assistance of counsel. (Doc. 1; Doc. 11). Because his claims all relate to his trafficking offense serving as a predicate offense, his sole request for relief is to "[v]acate and [r]emand this case for resentencing without the 'Career Offender Enhancement' under 4B1.1." (Doc. 1 at 16).

The Government concedes Hinton's third ineffective assistance of counsel claim has merit. (Doc. 14). In Count Three, Hinton argues that his attorney did not object to the PSR's use of his trafficking offense as a predicate offense for the career offender enhancement. (Doc. 1 at 10). Because of Hinton's § 2255 motion, the Government has tried to locate *Shepard*-approved documents to support the enhancement. (Doc. 14). This is because Fla. Stat. § 893.135 is a divisible statute requiring the modified categorical approach. See *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011). But the Government has come up empty handed. It can show neither that Hinton was convicted of two drug offenses nor that he was properly sentenced as a career offender. (Doc. 14 at 2-3). The Government thus concedes to Hinton's motion on Count Three. (*Id.* at 3).

Upon careful review of the applicable law, the parties' arguments, and the record, the Court will grant Hinton's motion as to Count Three and resentence Hinton. Because the Court is granting Hinton his requested relief, the Court will deny as moot (and without prejudice) the remaining claims in his motion.

Accordingly, it is now

**ORDERED:**

(1) Theodore Hinton, Jr.'s Motion under 28 U.S.C. § 2255 (Doc. 1) is **GRANTED in part and DENIED in part**. The Court grants Hinton's motion as to Count Three, but it denies the remaining counts as moot and without prejudice.

(2) The Clerk is **DIRECTED** to appoint Hinton counsel from the Criminal Justice Act Panel of this District for purposes of re-sentencing.

(3) The Clerk is further **DIRECTED** to schedule a sentencing hearing for **February 20, 2018, at 1:30 p.m.**

(4) The United States Probation Office is **DIRECTED** to file an amended Presentence Report on or before **February 13, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of November 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:	All Parties of Record
	United States Probation Office

3