UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:15-cr-173-SPC-CM

THEODORE HINTON, JR.
_____

**ORDER**[1]

Before the Court is Defendant Theodore Hinton, Jr.'s Motion for Early Termination of Supervised Release (Doc. 108), along with the Government's opposition (Doc. 110). For the below reasons, the Court denies the motion.

Defendant served almost four years in prison for possession with intent to distribute 50 grams or more of cocaine. (Doc. 99). He is now serving his forty-eight-month term of supervised release, which began just over two years ago. Yet Defendant now asks the Court to end his supervised release because he has completed half the term and has complied with the conditions. Although the United States Probation Office does not object to Defendant's request, the Government does.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above principles against the parties' papers and record, the Court declines to terminate Defendant's term of supervised release as requested. Neither Defendant's conduct nor the interests of justice warrant early termination. Defendant was convicted of possessing over 1.3 kilograms of cocaine. He also admitted to intending to sell the cocaine in quarter kilogram increments for about $10,000 each, which would have earned him a substantial profit. (Doc. 96 at ¶ 18). He also has three other cocaine-related convictions, two of which resulted in violations of probation. (Doc. 96 at ¶¶ 53-54). Finally, complying with the terms of supervised release is expected and

the baseline for all individuals on supervised release. Compliance alone is generally not enough to cut short supervised release, and certainly not so under the circumstances of this case.

In sum, the nature of Defendant's offense, his history, the need to deter Defendant from future crimes, and the need to protect the public all support denying his motion.

Accordingly, it is now

**ORDERED:**

Defendant Theodore Hinton, Jr.'s Motion for Early Termination of Supervised Release (Doc. 108) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 12, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

3