UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:15-cr-173-SPC-CM

THEODORE HINTON, JR.

## ORDER[1]

Before the Court is Defendant Theodore Hinton, Jr.'s Motion for Early Termination of Supervised Release (Doc. 119), along with the Government's opposition (Doc. 120).[2] For the below reasons, the Court denies the Motion.

Defendant served almost four years in prison for possession with intent to distribute 50 grams or more of cocaine. (Doc. 99). He is now serving a four-year term of supervised release, which began about three years ago. Yet Defendant again asks the Court to end his supervised release early because, among other things, his probation officer has no objection to doing so, he has complied with all terms of his supervised released, he has a new catering business that requires him "to travel from time to time," and he would like to visit his brother, who is battling cancer, in California. (Doc. 119 at 1-2).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] Hinton's Motion (Doc. 119) was filed after an earlier version requesting the same relief (Doc. 117). The Court thus denies as moot the earlier motion.

Although the United States Probation Office does not object to Defendant's request, the Government does.

After considering factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.  18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  A court has discretion to end a term of supervised release early.  *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above law against the record, the Court declines to terminate Defendant's term of supervised release a year early.  As before, neither Defendant's conduct nor the interests of justice warrant doing so.  Defendant was convicted of possessing over 1.3 kilograms of cocaine and admitted to intending to sell the cocaine for a substantial profit.  (Doc. 96 at ¶

18). He also has three other cocaine-related convictions, two of which resulted in violations of probation. (Doc. 96 at ¶¶ 53-54). Although the Court recognizes that Defendant has been successful on supervised release, the Court expects such compliance with its directives.

To the extent that Defendant wishes to end his supervised release for more flexibility to expand his catering business, the Court is not persuaded. Defendant's probation officer has already given him permission to travel for business, and he offers the Court no reason why that practice cannot continue for another year. Relatedly, Defendant need only ask his probation officer for permission to visit his sick brother, as she indicates that she may be open to such a request.

In short, the nature of Defendant's offense, his history, the need to deter Defendant from future crimes, and the need to protect the public all support denying his motion. Defendant has only one year left of supervised release, and the Court believes the remaining year of supervision is in the best interest of Defendant and the public.

Accordingly, it is now

**ORDERED:**

1. Defendant Theodore Hinton, Jr.'s Motion for Early Termination of Supervised Release (Doc. 119) is **DENIED**.

2. Defendant's Motion for Early Termination of Supervised Release (Doc. 117) is **DENIED as moot**.

**DONE AND ORDERED** in Fort Myers, Florida on September 14, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All parties of record